WILLIAM O. HOSKINSON AND MARGARET A. HOSKINSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hoskinson v. Commissioner
Docket No. 16239-82.
United States Tax Court
T.C. Memo 1984-400; 1984 Tax Ct. Memo LEXIS 272; 48 T.C.M. (CCH) 678; T.C.M. (RIA) 84400; July 31, 1984. William O. and Margaret A. Hoskinson, pro se. Dennis Perez, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456(c), [1] Internal Revenue *273 Code of 1954, as amended, and General Order No. 8 of this Court, 81 T.C. XXIII (1983). After review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: Respondent determined a deficiency in petitioners' 1978 Federal income tax in the amount of $5,084 as well as an addition to tax under section 6653(a) in the amount of $254. [2]
The issues for decision are (1) Whether petitioners are entitled to a charitable contribution deduction in the amount of $13,400 for amounts allegedly paid to the Universal Life Church; (2) whether petitioners are liable for an addition to tax under section 6653(a); and (3) whether damages should be awarded to the United States against petitioners pursuant to section 6673. Some of the facts have been stipulated and those facts are so found. Petitioners resided in Palmdale, California, at the time their petition herein was filed. *274 During the taxable year 1978 petitioner William O. Hoskinson was employed (full time) by the Federal Aviation Administration as an air traffic controller and Margaret A. Hoskinson was employed by Fisher Foods Company and Albertson, Inc. as a retail clerk. Petitioners reported gross wages from their employment in the amount of $43,760.68 on their 1978 Federal income tax return which was timely filed. On that return, petitioners also claimed a deduction of $13,400 for a charitable contribution to the Universal Life Church (hereinafter ULC). During 1978 petitioner William O. Hoskinson took a correspondence course to become a ULC minister. Petitioner formed a charter ULC located at their residence. They maintained their personal checking account at the Bank of America, Palmdale Office and opened a checking account in the name of ULC on April 20, 1978, at the same bank. Petitioners were sole signatories on the ULC account. No funds were deposited in petitioners' charter ULC account from the Universal Life Church, Inc., Modesto, California (hereinafter ULC Modesto). During the year in issue petitioners wrote wrote five checks on their personal account payable to their charter ULC *275 account in the aggregate amount of $1,175. These funds were deposited into the ULC account. Petitioners did not apply for nor did they receive exempt status for their ULC charter in 1978. Mr. Hoskinson was minister and president and Mrs. Hoskinson was treasurer of their formed ULC charter. Petitioners asserted that many of the cancelled checks to substantiate their contributions and expenses were lost due to the fact that they had been through several audits and moved three times. Petitioners paid expenses of the parsonage (which was their residence), charge card expenses, trash removal expenses, cable TV payments, utilities and mortgage payments from the ULC checking account in 1978. These same kind of expenses were paid from their personal checking account prior to opening the ULC account in April of 1978. Section 170(a) allows as a deduction any "* * * charitable contribution * * * payment of which is made within the taxable year." Section 170(c) which defines the term charitable contribution, requires that the organization to which the contribution is made must be "* * * organized and operated exclusively for religious * * * purposes * * *" and "* * * no part of the net *276 earning * * *" may inure "* * * to the benefit of any private * * * individual * * *." It is unclear from the record whether petitioners are claiming a deduction for alleged contributions to their ULC charter or to the ULC, Inc., in Modesto. See, Universal Life Church, Inc. v. United States,372 F. Supp. 770 (E.D. Cal. 1974). If their claimed contribution is to the ULC charter then it is clear that they are not entitled to the claimed deduction since the ULC Medesto exemption is not a group exemption. Davis v. Commissioner,81 T.C. 806, 815 (1983), and the ULC charter is not qualified independently as an exempt organization. Furthermore, the evidence establishes that petitioner had dominion and control of the funds of the ULC charter and that the net earnings of the ULC charter inured to their benefit. See cases cited in Davis v. Commissioner,supra at 817, 818. The record clearly establishes that the ULC charter checking account was used to pay petitioners' personal expenses despite petitioners' attempt to characterize such expenses as church expenses. With respect to any alleged contributions to the ULC Modesto, petitioners *277 sought to introduce into evidence a statement on the letterhead of the ULC, Modesto, signed by Rev. Kirby J. Hensley. We sustained respondent's objection to the admissibility of this document on the grounds of hearsay. [3]
Petitioners were unable to present any cancelled checks or other reliable testimony which would establish that payments were made to the ULC in Modesto, or to their charter organization. Accordingly, petitioners have not satisfied their burden of proof on this issue. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). [4]
With respect to the addition to tax under section 6653(a), we are satisfied that the underpayment of tax is due to negligence or intentional disregard of the revenue laws. Petitioners have the burden of proof with respect to this issue. Enoch v. Commissioner,57 T.C. 781, 802 (1972); Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioners have *278 failed to carry their burden of proof under section 6653(a). In his amended answer, respondent also seeks damages under section 6673. Since the petition in this case was filed on July 6, 1982, section 6673 in its version prior to amendment is applicable. That section provided as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted by the tax-payer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as part of the tax. Based on the entire record we are not satisfied that this action was instituted by petitioners merely for delay, and accordingly damages under section 6673 are not imposed. [5]
*279 Due to concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Respondent in his Amendment to Answer also seeks damages in the amount of $500 pursuant to section 6673.↩
3. Rule 802, Federal Rules of Evidence. See also Davis v. Commissioner,81 T.C. 806, 814↩, (1983).
4. All rule references are to the Tax Court Rules of Practice and Procedure.↩
5. If petitioners should seek to present a similar claim before this Court for a later year they should be advised that the damage award has been increased to $5,000. If such event should occur the Court will seriously consider imposition of damages under section 6673. It should also be noted that the circumstances for application for damage awards has also been expanded. Section 292, Pub. L. 97-248, 1982-2 C.B. 546↩.