MONTE SUMA SHADE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shade v. Commissioner
Docket No. 4520-83.
United States Tax Court
T.C. Memo 1984-625; 1984 Tax Ct. Memo LEXIS 49; 49 T.C.M. (CCH) 212; T.C.M. (RIA) 84625; December 3, 1984. Monte Suma Shade, pro se. Milton J. Carter, Jr., for the respondent. FAY MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1] Sec. 6653(a)
1978
[2] $6,171
$284.45
$841.15
1979
11,879
2,664.25
1,115.65
1980
15,582
779.10
After concessions by petitioner, the sole issue remaining for decision is whether petitioner is entitled to a deduction for amounts claimed to have been contributed to two purportedly religious organizations. *51 FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner, Monte Suma Shade, (herein "petitioner") and his wife, Patricia, [3] resided in Fairbanks, Alaska, when the petition was filed herein. During the years in issue, petitioner was employed by Georgia-Pacific Corporation. During 1978, 1979 and 1980, petitioner made deposits to an account which he maintained at the Alaska State Bank in the name of the Interior Christian Mission (herein "ICM").During 1980, petitioner also made deposits to an account which he maintained at the Alaska State Bank in the name of Universal Life Church, Charter 35255 (herein "ULC Charter 35255"). Both ICM and ULC Charter 35255 were organizations which had been formed by petitioner. Petitioner had signatory powers over these accounts and wrote checks thereon to various payees, including credit card and travel agencies, insurance companies, oil companies, and others. On his returns for the years in issue, *52 petitioner deducted as charitable contributions approximately one-half of the amounts he deposited to such accounts. In his notice of deficiency, respondent disallowed the amounts claimed by petitioner as charitable contributions to ICM and to ULC Charter 35255. Respondent also made various other adjustments with respect to petitioner's income tax liability for the years in issue, all of which have been conceded by petitioner. OPINION The sole issue for decision is whether petitioner is entitled to a deduction under section 170 for the amounts claimed as charitable contributions to ICM and to ULC Charter 35255. Section 170(a) allows a deduction for charitable contributions made during the taxable year. The term "charitable contribution" is defined in section 170(c) as follows: (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- * * * (2) A corporation, trust, or community chest, fund, or foundation-- (A) * * * (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * *; (C) no part of the net *53 earnings of which inures to the benefit of any private shareholder or individual; * * * The burden of proving entitlement to a deduction is on petitioner. ; Rule 142(a). Thus, petitioner must show that all requirements of section 170 have been satisfied. In considering the record herein, we conclude that petitioner has failed to carry his burden. At the outset, we note that petitioner presented no evidence concerning his claimed contributions to ICM, and in fact conceded at trial that such entity was not a qualified donee organization described in section 170(c). Thus, we sustain respondent's disallowance of deductions for amounts deposited by petitioner to the account of ICM. [4]
*54 In light of petitioner's concession concerning ICM, we turn to the remaining issue of whether petitioner may deduct as charitable contributions the amounts he deposited to the amount of ULC Charter 35255. [5] For the following reasons, we conclude that petitioner is similarly not entitled to deduct such amounts. First, section 170(a) requires that a charitable contribution actually be made within the taxable year for which a deduction is sought. The term "charitable contribution" as it is used generally in section 170 is largely synonymous with the term "gift. *55 " ; , affd. . It is well established that where a taxpayer retains dominion and control over funds, as petitioner did by means of his signatory powers over the checking accounts, no charitable contribution or gift will be considered to have been made. See, e.g., ; and cases cited therein, on appeal (9th Cir., June 25, 1984). Petitioner's retained control of the funds deposited to the account of ULC Charter 35255 precludes a finding that he actually made charitable contributions in this case. See . Second, in order for contributions thereto to be deductible under section 170, an organization must be both organized and operated exclusively for religious, charitable, or other exempt purposes. Sec. 170(c)(2)(B). The evidence presented by petitioner concerning ULC Charter 35255 was insufficient for us to conclude that such *56 entity was organized and operated exclusively for exempt purposes, as required by the statute. Finally, petitioner has failedto establish that no part of the net earnings of ULC Charter 35255 inured to the benefit of any private individual as required by section 170(c)(2)(C). On the contrary, petitioner acknowledged at trial that he could not honestly say that he had derived no personal financial benefit from the funds of ULC Charter 35255. Indeed, since such funds were used to pay automobile expenses, utility bills, credit card invoices, premiums for insurance on petitioner's life, and travel expenses incurred by petitioner and his spouse, it is clear that many expenditures by that entity were of a personal nature and benefited petitioner and his spouse. In conclusion, petitioner has failed to meet his burden of showing that amounts deposited to the account of either ICM or LUC Charter 35255 were contributions to a tax-exempt church within the meaning of sections 170(a) and 170(c). We hold therefore that petitioner is not entitled to a charitable contribution deduction under section 170 for such amounts. To reflect concessions by petitioner and the foregoing, *57 Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. In his amended answer, respondent alleged that several copying and computational errors had been made in preparing the notice of deficiency sent to petitioner.Accordingly, for 1978, he alleged the correct amounts of the deficiency and the sec. 6651(a)(1) and sec. 6653(a) additions to tax to be $7,983, $286.45 and $399.15, respectively.For 1979, he alleged the correct amount of the sec. 6653(a) addition to tax to be $593.95.↩
3. Although petitioner and his wife filed a joint Federal income tax return for each of the years in issue, only petitioner is a party herein since only he signed the petition. See Rules 34(a), 60.↩
4. Our holding on this issue effectively disposes of the dispute with respect to 1978 and 1979 since petitioner claimed deductions in these years for amounts contributed only to ICM, and not to ULC Charter 35255. In his amended answer, respondent asserted a greater deficiency and sec. 6651(a)(1) addition to tax for 1978 as well as lesser sec. 6653(a) additions to tax for 1978 and 1979 than originally stated in the notice of deficiency. See n. 2, supra.↩ Although under such circumstances the burden of proving the increased deficiency and addition to tax for 1978 is on respondent under Rule 142(a), respondent has satisfied such burden in this case by introducing the notice of deficiency and documents attached thereto, in particular Form 5278. These documents clearly show that the correct computation of such amounts is as indicated in respondent's amended answer.
5. Petitioner's claimed contributions to the Universal Life Church involve only ULC Charter 35255. Petitioner did not seriously contend that amounts were contributed to Universal Life Church, Inc. of Modesto, Calif., ("ULC, Modesto"), and he presented no evidence to this effect. Cf. , on appeal (9th Cir., June 25, 1984). While unnecessary for our decision herein, we note the Internal Revenue Service's recent revocation of the tax-exempt status of ULC, Modesto. See Internal Revenue Service News Release SF 84-32, dated August 28, 1984.↩