WILLIAM C. MENDENHALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mendenhall v. Commissioner
Docket No. 17751-81.
United States Tax Court
T.C. Memo 1983-491; 1983 Tax Ct. Memo LEXIS 301; 46 T.C.M. (CCH) 1120; T.C.M. (RIA) 83491; August 16, 1983. William C. Mendenhall, pro se. James J. Everett, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency in and an addition to petitioner's Federal income tax as follows: Sec. 6653(a) [1]
Year
Deficiency
Addition to Tax
1977
$2,789.00
$139.45
The issues before us are (1) whether petitioner is entitled to a deduction for charitable contributions made to a certain church, (2) whether petitioner has unreported income, and (3) whether petitioner is liable for an addition to tax under section 6653(a). FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioner, William C. Mendenhall, resided *303 in Phoenix, Ariz., when he filed his petition herein. In 1977 petitioner received wages of $17,676.64 as a machine operator for the Reynolds Metals Company. He was also the ordained minister of Charter No. 14798 of the Universal Life Church, Inc. Although the Universal Life Church, Inc. (ULC) is recognized as a tax-exempt religious organization, [2] no such exemption has been granted to petitioner's charter member church (Church). The Church had a checking account with a Phoenix branch of the First National Bank of Arizona. The address on the Church's checks was the same address used by petitioner on his 1977 individual Federal income tax return. The signatories of the account were petitioner's mother and daughter, Kathleen R. and Diedra K. Mendenhall. They signed as Treasurer and Secretary, respectively. During 1977 petitioner deposited $8,931.20 in the Church's checking account. The Church gave petitioner a "rental allowance" of more than $5,400 in 1977. His allowance was determined and authorized by the Church's board *304 of directors which consisted of five members, three of whom were petitioner, his mother and his daughter. The board determined how the Church's funds were expended. Based on his contributions to the Church, petitioner claimed a deduction of $8,891.76 on his 1977 Federal income tax return. In the notice of deficiency, respondent disallowed petitioner's claimed deduction for charitable contributions. Respondent also determined petitioner had unreported income of $1,676.96 and asserted an addition to tax under section 6653(a). OPINION The first issue is whether petitioner is entitled to a deduction for amounts paid to the Church. In order to be entitled to a deduction under section 170(a), petitioner must prove that the Church qualified under section 170(c)(2). Rule 142(a). [3] One of the requirements of section 170(c)(2) is that the religious organization must be organized and operated exclusively for religious purposes. [4] Sec. 170(c)(2)(B). Petitioner has failed to present any evidence indicating that the Church engaged in religious functions or activities during 1977. Although he testified that some of the Church's funds were used to provide food for the needy on holidays, *305 such activity is insufficient to qualify an organization as a church. [5]
A further requirement to qualify under section 170(c)(2) is that no part of the net earnings of the religious organization inure to the benefit of any private shareholder or individual. Sec. 170(c)(2)(C). Even if the benefit inuring to the individual is small, it is still impermissible. , *306 on appeal (3d Cir., Aug. 24, 1981); , affd. without published opinion . During 1977, the Church paid petitioner at least $5,400 as a rental allowance. Petitioner failed to present any evidence that the money represented compensation for services he performed as an officer or minister of the Church. Thus, petitioner has failed to sustain his burden of proving that no part of the net earnings of the Church inured to his private benefit. Accordingly, we sustain respondent's determination that petitioner is not entitled to a deduction for charitable contributions in 1977. Based on an analysis of petitioner's bank deposits, respondent determined that petitioner had unreported income of $1,676.96. Respondent's determination is presumptively correct unless petitioner proves otherwise. ; , affd. ; Rule 142(a). Petitioner testified that a portion of his bank deposits consisted of personal savings accumulated *307 over the previous 35 years which had never been deposited in any bank account. He also testified that some of the deposits may have come from members of his family. Petitioner failed, however, to produce records or other credible evidence supporting his general testimony. Since petitioner failed to meet his burden of proof, we must sustain respondent's determination that petitioner had unreported income of $1,676.96 in 1977. The final issue is whether petitioner is liable for an addition to tax under section 6653(a). Petitioner bears the burden of proving his 1977 underpayment was not due to negligence. Rule 142(a); . Having failed to present any evidence with respect to this issue, we sustain respondent's determination that petitioner is liable for an addition to tax. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. The ULC received a ruling letter from the Internal Revenue Service, dated April 13, 1976, stating that the ULC is exempt under sec. 501(c)(3).↩
3. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. Petitioner argues that the exemption granted to the Universal Life Church, Inc. also extends to his Church. This Court has held on several occasions, however, that the exemption granted to the Universal Life Church, Inc. is not a group exemption and, thus, does not cover its charter members.See ; . Petitioner's contributions were made solely to the Church, not to the Universal Life Church, Inc. ↩
5. See ; ; .↩