JAMES J. KENT, JR. AND ANNA HELENE KENT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kent v. Commissioner
Docket No. 28641-82.
United States Tax Court
T.C. Memo 1984-451; 1984 Tax Ct. Memo LEXIS 225; 48 T.C.M. (CCH) 952; T.C.M. (RIA) 84451; August 27, 1984. James J. Kent, Jr. and Anna Helene Kent, pro se. Florence M. Jones, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: *226 This case was heard pursuant to the provisions of section 7456(d) [1] and General Order No. 8 of this Court, 81 T.C. XXIII (1983). Respondent determined a deficiency in petitioners' 1979 Federal income tax in the amount of $2,059 as well as an addition to tax under section 6653(a) in the amount of $102.95. The issues for decision are (1) whether petitioner is entitled to a charitable contribution deduction in the amount of $6,854.22 for amounts allegedly paid to the Universal Life Church, (hereinafter ULC); and (2) whether petitioner is liable for an addition to tax under section 6653(a). Some of the facts have been stipulated and those facts are so found. Petitioners resided at Glendora, California, at the time the petition herein was filed. During the year in issue, petitioner James J. Kent, Jr. (hereinafter petitioner) was employed as an instructor of optics at Citrus Community College. Petitioner taught approximately 20 classroom hours per week during the daytime and also had evening teaching duties at which he was paid an hourly rate. Petitioner was also *227 a consultant for Optico Glass Fabrication of California. On December 1, 1978, petitioner started the congregation of St. James the Just under a charter of the ULC, Modesto, California. The articles of incorporation of the congregation of St. James the Just list petitioner as pastor, petitioner Anna Kent as secretary and Dean Kent, petitioners' son, as treasurer. The congregation maintained a bank account with the authorized signatures being that of both petitioners and their son, Dean. During the year in issue, petitioners would draw funds out of the congregation bank account to pay expenses, including but not limited to miscellaneous repairs relating to the residential property where they lived in Glendora, California and automobile expenses.The ULC, St. James the Just is located in petitioner's home. Petitioner's sole academic qualification as pastor has been correspondence training at the ULC University which involved reading the Bible in its entirety and answering approximately 25 questions with reference to it. The congregation of St. James the Just has not applied for an exemption under section 501(c)(3) nor is it listed in Publication 78 which is the cumulative list *228 of organizations described in section 170(c). On their 1979 Federal income tax return, petitioners claimed a charitable deduction in the amount of $7,125.Respondent disallowed the claimed charitable deduction to the extent of $6,854.22 for amounts allegedly paid to the ULC. [2]
In order to support their claimed deduction, petitioners presented cancelled checks from their personal checking account. Most of the checks were written to the order of the ULC of St. James. One check in the amount of $300 was written to the order of the ULC. [3] These checks were all deposited to the Bank of American, to the account of the ULC, St. James opened by petitioners. A few of the checks were paid to the order of the ULC *229 of Reason and one check to the ULC Monastery. These checks bear the deposit stemps of the Church of Reason and ULC Monastery, respectively. Petitioner also presented receipts through a witness Robert Powell allegedly a bishop of the ULC of Reason. The receipts are entitled ULC, Modesto, and signed by Robert Powell on behalf of Kirby J. Hensley. Section 170(a) allows as a deduction any charitable contribution which is made during the taxable year. The term "charitable contribution" is defined in section 170(c) as follows: (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of -- * * * (2) A corporation, trust, or community chest, fund, or foundation-- (A) * * * (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * *; (C) no part of the net earnings of which inures to the benefit of any private *230 shareholder or individual; * * * The burden of proving entitlement to a deduction is on petitioners. ; Rule 142(a). [4] To the extent that any payments were made to the ULC, St. James the Just, petitioners would not be entitled to a deduction since they have not satisfied their burden of showing that this is a qualified organization. We have previously held that such a "charter" organization does not come within the specific exemption of the ULC, Modesto (see . . [5]
Nor are we satisfied that payments were actually made to the ULC, Modesto. The testimony of Mr. Powell who signed the receipts was vague and inconsistent. Mr. Powell testified that he signed the receipts on behalf of ULC, Modesto, but he further indicated that he never saw any of the funds that were received by the organization. Reviewing the record *231 in its entirety, we are not satisfied that any payments were made to the ULC, Modesto. Furthermore, reviewing the cancelled checks of the ULC, St. James checking account, we are satisfied that many of the expenditures inured to the benefits of petitioners and their children. The payments out of this checking account involved the personal everyday expenses including food, clothing and shelter utilities, travel and automobile expenses. In addition, there were payments for travel and lodging for their son's trip to Lake Tahoe. Accordingly, even if we were to find that a contribution had been made to a qualifying organization it is clear that the payments inured to the personal benefit of petitioners and the deduction would be otherwise disallowed. ; ; , affd. in an unpublished order (3d Cir. 1983); . With respect to the addition to tax under section 6653(a), petitioners have the burden of proof. . *232 Petitioners have not satisfied their burden on this issue. The use of funds for personal family expenses in the guise of purported charitable contributions is sufficient to sustain respondent's determination in any event. , and cases cited at n.12. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. We note that the parties have stipulated that the amount of disallowed claimed charitable deductions was $6,874.22, however, the notice of deficiency set forth a disallowance of $6,854.22. The latter figure set forth in the notice of deficiency is consistent with the claimed deduction on the return. We therefore conclude that the parties made an error in the stipulation of facts wherein it was stated that the disallowed claimed charitable deduction was $6,874.22.↩
3. This check dated 4/4/79 was originally written to the order of Universal Life Church St. James. St. James has been crossed out on the face of the check with the initials HK, presumably the initials of Helene Kent.↩
4. All rule references are to the Tax Court Rules of Practice and Procedure.↩
5. See also .↩