ROBERT G. MARTINEZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martinez v. Commissioner
Docket No. 14228-83.
United States Tax Court
T.C. Memo 1984-526; 1984 Tax Ct. Memo LEXIS 147; 48 T.C.M. (CCH) 1271; T.C.M. (RIA) 84526; October 2, 1984. Robert G. Martinez, pro se. Robert J. Foley, for the respondent. BUCKLEY
BUCKLEY, Special Trial Judge: This casewas assigned to Special Trial Judge Helen A. Buckley, pursuant to sections 7456(c) and (d), [1] General Order No. 8 (81 T.C. XXIII) (1983), and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2]
*148 Respondent determined a deficiency in Federal income tax for 1979 in the amount of $2,400, as well as an addition to tax under section 6653(a) in the amount of $120. After concessions, [3] the issues for decision are: (1) Whether petitioner is entitled to a charitable contribution deduction in the amount of $9,558, for amounts allegedly paid to the Universal Life Church; (2) whether petitioner is liable for an addition to tax under section 6653(a); and (3) whether damages should be awarded to the United States against petitioner pursuant to section 6673 on respondent's oral motion. Some of the facts have been stipulated, and those facts are so found. Petitioner resided in Millbrae, California, at the time of filing the petition. During the taxable year 1979, petitioner was employed by United Air Lines, Inc., as a mechanic. He received and reported gross wages from this employment activity in the amount of $18,990.33. Petitioner timely filed his Federal income tax return for the taxable year *149 1979 with the Director of Internal Revenue, Fresno, California. On this return, petitioner claimed a deduction of $9,558 for charitable contributions to the Universal Life Church, Inc. The Universal Life Church, Inc., of Modesto, California was, at the time of the purported contributions, listed in the Cumulative List of Organizations described in section 170(c), Publication 78, Treasury Department, Internal Revenue Service. Respondent disallowed the deduction for contributions to the Universal Life Church, Inc., claiming that contributions had not been made and, even if contributions had been made, the recipient was not an organization described in section 170(c). Petitioner contends that his contributions were made to the Universal Life Church, Modesto, California (Modesto) and, therefore, he is entitled to the claimed deduction because the contributions were made to a qualifying organization. Petitioner is a minister in the Universal Life Church. He is an officer of a local congregation. The Millbrae congregation voted to give petitioner a housing allowance covering his rent as well as to pay his heat and electric bills. The congregation also paid for petitioner's *150 food and gas for church related functions. Petitioner donated to the Universal Life Church by giving checks to Ms. Montoya, the Millbrae congregation's secretary, or by depositing the check to the congregation's church account himself. Petitioner had signature authority over the Millbrae congregation's account. The Millbrae congregation of the Universal Life Church kept books and records of its income, expenses, and contributions to other charities. At the end of each quarter, the Millbrae congregation sent a report to Modesto and, based on this quarterly report, Modesto issued receipts for contributions. In addition to these quarterly receipts, petitioner obtained an annual receipt from Modesto by requesting one and informing Modesto of the amount he contributed in 1979. Petitioner attempted to have the quarterly and annual receipts from Modesto admitted into evidence.Respondent objectied to their admission on the grounds that the documents were not self-authenticating, no one was present to authenticate them, and that the documents contain inadmissible hearsay. We excluded the receipts as inadmissible hearsay and advised petitioner that, even if Bishop Imbeau had *151 been testifying concerning the receipts, the evidence would still have been inadmissible hearsay, because Modesto's receipts are based solely on the contribution information given to them by the local congregation. Accordingly, based upon our ruling with respect to the documents offered by petitioner, there is insufficient evidence to establish payments of $9,558, or any lesser amount to the Universal Life Church, Modesto. Davis v. Commissioner,81 T.C. 806 (1983), on appeal (9th Cir. 6-25-84). The burden of proving entitlement to a deduction is on petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). To the extent that any payments were made to the Millbrae congregation, petitioner would not be entitled to a deduction because he has failed to establish that this is a qualified organization. This Court has previously held that a similar "charter" organization does not come within the specific exemption of Modesto ( Davis v. Commissioner,supra;Hodges v. Commissioner,T.C. Memo. 1984-385), and petitioner has not placed into evidence any information indicating that theMillbrae congregation *152 is a section 170 organization. Furthermore, petitioner testified that many of the expenditures of the Millbrae congregation inured to the personal benefit of petitioner. Thus, his rent, utilities, gas, and food were paid out of the U.L.C.Millbrae account. Therefore, even if we were to find that a contribution had been made to a qualifying organization, it is clear that the payments inured to petitioner's personal benefit and the deduction would be disallowed. Miedaner v. Commissioner,81 T.C. 272 (1983). Respondent's deficiency notice called for additions to tax for negligence or intentional disregard of rules and regulations pursuant to section 6653(a). Petitioner has the burden of overcoming the presumption of correctness of respondent's determination. Petitioner has failed to satisfy his burden concerning the addition to tax. In any event, the use of funds for personal expenses in the guise of purported charitable contributions is sufficient to justify respondent's determination. Davis v. Commissioner,supra.
We must determine whether damages should be awarded to the United States under section 6673. The version of section 6673 *153 applicable in petitioner's case provides that damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court whenever it appears that proceedings have been instituted or maintained primarily for delay or that the taxpayer's position is frivolous or groundless. Based on the record herein, although it presents a close case, we have determined to exercise our discretion by not awarding damages pursuant to section 6673. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner testified that he made a $50 contribution to Saint Anthony Dining Room. Respondent conceded the deductibility of that portion of the charitable deduction.↩