JOHN AND JEANNE LEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee v. Commissioner
Docket No. 9632-83.
United States Tax Court
T.C. Memo 1984-562; 1984 Tax Ct. Memo LEXIS 112; 48 T.C.M. (CCH) 1454; T.C.M. (RIA) 84562; October 18, 1984. John Lee, pro se. Andrea R. Polvino, for the respondent. GUSSIS MEMORANDUM FINDINGS OF FACT AND OPINION GUSSIS, *113 Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis for consideration and ruling pursuant to the provisions of section 7456(c) and (d) [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1981 in the amount of $2,422 and also determined an addition to tax for 1981 under section 6653(a)(1) in the amount of $121.10 and an addition to tax under section 6653(a)(2) in the amount of 50 percent of the interest due on the underpayment of $2,422 attributable to negligence. The issues are whether petitioners are entitled to a charitable contribution deduction under section 170 for amounts purportedly paid to the Universal Life Church, Inc. of Modesto, California and whether petitioners are liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2). Petitioners were residents of Mahopac, New York at the time the petition herein was filed. Petitioner John Lee was employed as a painter during the year 1981 by the New York City Transit *114 Authority and reported wages from such employment in the amount of $21,441.25. Petitioner claimed a charitable contribution deduction on his 1981 tax return for purported contributions to the Universal Life Church, Inc. in the amount of $11,903 which was disallowed by the respondent. Petitioner has the burden of proving that he is entitled to a deduction for a charitable contribution under section 170. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Section 170(a)(1) provides that a charitable contribution shall be allowable as a deduction only if verified under the prescribed regulations. The regulations provide that the district director may require statements from donee organizations to corroborate claimed contributions. Section 1.170A-1(a)(2)(iii), Income Tax Regs. A receipt from the Universal Life Church, Inc. of Modesto purporting to acknowledge receipt of $11,652.16 from petitioner in 1981 was not admitted in evidence. The Court ruled that such receipt was inadmissable hearsay insofar as it purported to establish the truth of the contents therein. See Davis v. Commissioner,81 T.C. 806, 814 (1983) *115 see also Mustain v. Commissioner,T.C. Memo. 1982-670. Petitioner also relies upon a series of receipts (some 43 in all) purporting to acknowledge donations to the Universal Life Church, Inc. of Modesto at regular intervals throughout the year in the total amount of $11,652.16. Most of the receipts bear the signature of one K. L. Hommedieu who appears to be an officer of the church in Modesto.However, the evidence also shows that a series of checks in excess of $14,000 was issued by this same individual in 1981 and payable to petitioner from an account in the Bank of America in Santa Cruz, California designated as "Universal Life Church, Receipts and Disbursements Trust Fund." [2] We need not dwell upon the niceties of these transactions. Since the checks indicate that the amount returned to petitioner by the church in Modesto exceeded the amount of the purported donations, petitioner has completely failed to establish that he made any bona fide contributions to the Universal Life Church, Inc. of Modesto within the meaning of section 170.[3]
*116 Petitioner contends that the amounts returned to him by the church in Modesto constituted a "parsonage allowance" granted to him as pastor by the local congregation (#41541). We attach no significance to petitioner's categorization of these funds. The record does not establish that the "allowance" constituted remuneration for the services of a minister or pastor within the meaning of the regulations. See sections 1.107-1(a) and 1.107-1(b), Income Tax Regs. It readily appears that these funds were used for petitioner's personal benefit for mortgage payments, taxes, utilities, fuel, and structural additions to petitioner's house. In view of petitioner's retained control and personal benefit, an essential prerequisite of a "charitable contribution" within the meaning of the statute is lacking. See DeJong v. Commissioner,36 T.C. 896, 899 (1961), affd. 309 F.2d 373, 376-379 (9th Cir. 1962) and Davis v. Commissioner,supra, at 817. We hold therefore in this record that petitioner is not entitled to a deduction under section 170 for the purported donations to the Universal Life Church, Inc. of Modesto in 1981. *117 Section 6653(a) imposes an addition to tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. This Court has repeatedly sustained the addition to tax under section 6653(a)(1) in cases such as this involving efforts of this nature to create deductions through purported contributions to a "church" that simply represent funds used for personal benefits and expenses. See Davis v. Commissioner,supra, at 820. We are satisfied on the basis of this record that the addition to tax under section 6653(a)(1) is fully justified and should be sustained. We also find on the basis of this record that the underpayment of tax in the amount of $2,422 is due to negligence. Consequently, respondent's claim for an addition to tax under section 6653(a)(2) based on that amount is sustained. We must next decide whether damages should be awarded to the United States under section 6673. As applicable here, section 6673 provides that "[w]henever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous *118 or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision." We have considered the record in this case and we find that this proceeding was maintained by petitioner primarily for delay and that his position in this case was frivolous and groundless. Accordingly, pursuant to section 6673, we award the United States damages in the amount of $1,500. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. A comparison of the receipts bearing the signature of K. L. Hommedieu with the checks issued to petitioner reveals an apparent service or processing charge in small amounts in connection with these transactions. ↩
3. A few of the receipts (showing purported donations of $273.50) bear the signature of one Virginia McCaffrey who is identified simply as a board member of the church. We cannot tell with any assurance whether she is a member of the church in Modesto or the local congregation headed by petitioner as "minister." Of course, if the purported donations went to the local congregation they do not qualify under section 170 since the tax exemption originally granted to the church in Modesto (and now revoked) is not a group exemption. See Davis v. Commissioner,81 T.C. 806, 815↩ (1983).