ESTATE OF CHARLES J. SWEENEY, DECEASED, KARIN A. SWEENEY, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Sweeney v. Commissioner
Docket No. 10355-83.
United States Tax Court
T.C. Memo 1985-187; 1985 Tax Ct. Memo LEXIS 448; 49 T.C.M. (CCH) 1249; T.C.M. (RIA) 85187; April 16, 1985. *448 Held, because petitioner did not carry his burden of proving that the Universal Life Church that he organized was operated exclusively for religious purposes and that no part of the church's net earnings inured to the benefit of any private individual, petitioner is not entitled to deductions for contributions made to that organization in 1979 and 1980. Petitioner's contention that he practiced his ministry in the "bar scene" is of no help to him. Held further, petitioner is liable for the addition to tax under sec. 6653(a), I.R.C. 1954, for each of the years in issue. Held further, petitioner is liable for the addition to tax under section 6651(a) for the taxable year 1979. Held further, damages are awarded under sec. 6673. Charles J. Sweeney, pro se. Elizabeth S. Henn, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated February 15, 1983, respondent determined that petitioner [1] *449 is liable for deficiencies and additions to tax as follows: Addition to tax under
Year
Deficiency
sec. 6653(a)
sec. 6651(a)
1979
$3,018.00
$150.90
$179.50
1980
4,627.50
231.38
The issues for decision are (1) whether petitioner is entitled to a deduction under section 170(a), I.R.C. 1954, for his taxable years 1979 and 1980 for contributions made to an account maintained at the Wilmington Savings Fund Society in the name of the Universal Life Church (ULC); (2) whether petitioner is liable for the addition to tax for negligence under section 6653(a) for each of the years in issue; and (3) whether petitioner is liable for the addition to tax for delinquent filing under section 6651(a) for the taxable year 1979. FINDINGS OF FACT Some of the facts have been stipulated orally and are so found. The stipulation of facts and exhibits are incorporated herein by this reference. At the time he filed his petition herein, petitioner, a calendar year taxpayer, resided at 45 Bobbin Mill Road, Media, Pennsylvania. Petitioner, who is a college professor, organized a ULC, presumably in Wilmington, Delaware. He also established a checking account at the Wilmington Savings Fund Society in the name of the ULC. Petitioner possessed sole authority to sign checks on said ULC account. Petitioner is a minister of the ULC that he organized. *450 According to petitioner, he practices his ministry in bars, and his "mission is singles * * * [a]nd * * * [his] turf is the bar scene," which petitioner describes as a "very interesting" and "very fertile scene." Petitioner professes to have ordained about 100 people a year, "[u]sually bartenders, waitresses and service personnel on the bar scene." In 1979 and 1980 petitioner wrote certain checks on his own personal account to the ULC account. None of the founds represented by those checks were sent to the ULC in Modesto, California. At least some of the money withdrawn from the ULC account during those years was used to pay petitioner's home mortgage, utility bills, and telephone bills. On his 1979 Federal income tax return, which was dated April 15, 1980 and was received by the Internal Revenue Service on April 29, 1980, petitioner deducted charitable contributions in the amount of $14,636. On his 1980 Federal income tax return, petitioner deducted charitable contributions in the amount of $16,614. Respondent disallowed these deductions. [2] The amounts claimed as charitable contribution deductions included contributions of both cash and property to the ULC organized by petitioner. *451 [3] At trial petitioner conceded that he had "rescinded" gifts in the amount of $6,996 for 1979 and $6,985 for 1983 of a partial interest in an airplace and that the deductions to that extent were properly disallowed. OPINION The first issue is whether petitioner is entitled to charitable contribution deductions under section 170(a) for contributions made to the ULC. Petitioner obviously contends that he is entitled to such deductions for the years in issue. It is unclear whether, in so contending, petitioner is relying on a connection between his ULC and ULC Modesto. To the extent that he does so, however, we reiterate at the outset that ULC Modesto's specific exemption is *452 not a group exemption. See Davis v. Commissioner,81 T.C. 806, 815 (1983), on appeal (9th Cir. June 25, 1984), and cases cited therein. Thus, the question boils down to whether petitioner is entitled to deductions for charitable contributions made to the ULC that he organized. To establish that he is entitled to the claimed contribution deductions, petitioner has the burden of proving that the ULC that he organized was, during 1979 and 1980, an organization organized and operated exclusively for religious purposes, no part of the net earnings of which inured to the benefit of any private individual within the meaning of section 170(a)(1), (c)(2)(B) and (C). Welch v. Helvering,290 U.S. 111 (1933). Petitioner has failed miserably to carry his burden of proof. Petitioner presented not one scintilla of evidence to show that the ULC that he organized was operated exclusively for religious purposes within the meaning of section 170(c)(2)(B). Petitioner testified that the church conducted religious ceremonies in petitioner's home; however, he did not elaborate whatsoever on that testimony. The most we know about petitioner's own ministry is that it was practiced in "singles bars." Petitioner *453 also failed to show that no part of the net earnings of the ULC that he organized inured to the benefit of any private individual within the meaning of section 170(c)(2)(C). Withdrawals were made from the ULC account to pay petitioner's home mortgage, utility bills, and telephone bills. Petitioner presented no evidence that the payments of these expenses represented compensation for services he performed as a minister of the church. Thus, petitioner has failed to prove that no part of the net earnings of the church inured to his private benefit. We sustain, with no hesitancy, respondent's determination that petitioner is not entitled to a deduction in 1979 or 1980 for contributions made to the ULC that petitioner organized. The next issue for decision is whether petitioner is liable for the addition to tax for negligence under section 6653(a) for each of the years in issue. Petitioner bears the burden of proving his 1979 and 1980 underpayments were not due to negligence. Rule 142(a), Tax Court Rules of Practice and Procedure; [4]Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioner having failed to present any evidence with respect to this issue, we sustain respondent's determination *454 that petitioner is liable for the addition to tax for negligence under section 6653(a) for each of the years in issue. A further issue for decision is whether petitioner is liable for the addition to tax for delinquent filing under section 6651(a) for the taxable year 1979. Petitioner's 1979 return was dated April 15, 1980, but was not received by the Internal Revenue Service until April 29, 1980. The return was due on April 15, 1980. Sec. 6072(a). Petitioner bears the burden of proving that his failure to timely file his 1979 return was "due to reasonable cause and not due to willful neglect," within the meaning of section 6651(a). Rule 142(a); Electric & Neon, Inc. v. Commissioner,56 T.C. 1324, 1342 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974). Petitioner offered no explanation for the delinquent filing of his 1979 return. Accordingly, we sustain respondent's determination that petitioner is liable for the addition to tax for delinquent filing under section 6651(a) for the taxable year 1979. Petitioner is obviously an educated, intelligent man. We cannot help but conclude *455 that his actions have been, in large measure, a "put-on." The idea of carrying out his ministry in the "bar scene" no doubt amused him. We are not amused, as we cannot be when we contemplate the magnitude of the difficulties attached to the judicial administration of the tax system. There are too many legitimate disputes between the Government and the taxpayers for this Court to devote any time to obviously frivolous claims. We find that petitioner knew his case to be premised on frivolous grounds and that he instituted this proceeding primarily for delay. Hence, we award damages to the United States in the amount of $2,000 pursuant to the provisions of section 6673. Decision will be entered for the respondent.
Footnotes
1. Petitioner died after the trial in this case, and for convenience the decedent hereinafter will be referred to as petitioner.
2. The amount disallowed in the notice of deficiency with respect to the taxable year 1979 is actually somewhat less than the amount petitioner claimed on his 1979 return. Apparently, petitioner had agreed to an additional assessment with respect to that year prior to the issuance of the notice of deficiency. ↩
3. It appears from our examination of the returns in question that the claimed deductions included some additional contributions to other organizations. However, neither party makes reference to this matter.↩
4. All Rule references herein are to the Tax Court Rules of Practice and Procedure.↩