CAROLYN MORGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Morgan v. Commissioner
Docket No. 12791-84.
United States Tax Court
T.C. Memo 1985-280; 1985 Tax Ct. Memo LEXIS 350; 50 T.C.M. (CCH) 114; T.C.M. (RIA) 85280; June 12, 1985. Carolyn Morgan, pro se. James J. Everett, for the respondent. DRENNEN MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge, Joan Seitz Pate, pursuant to section 7456(c) and (d) of the Code and General Order No. 8 (81 T.C. XXIII) (1983) and Rules 180 and 181. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. *352 OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: Respondent determined a deficiency in petitioner's 1981 Federal income taxes in the amount of $595. Respondent also determined that there were additions to tax due from petitioner under section 6653(a)(1) for negligence or intentional disregard of the rules and regulations of $29.75, and under section 6653(a)(2) of fifty percent of the interest due on the underpayment of $595. The issues for decision are (1) whether petitioner is entitled to a deduction for contributions to the Universal Life Church; (2) whether petitioner is liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2); and (3) whether petitioner is liable for damages under section 6673. FINDINGS OF FACT Carolyn Morgan (hereinafter referred to as "Petitioner"), resided in Phoenix, Arizona at the time the petition in this case was filed. During 1981 she was employed as a word processor in a law office and reported wages of $15,223.75. Petitioner deducted $4,300 for purported contributions to the Universal Life Church, Inc. of Modesto, California (hereinafter referred to as "ULC"). Respondent disallowed this deduction *353 in its entirety. In March, 1981, petitioner was ordained a minister by ULC. Subsequently, she and two other individuals obtained charter no. 45742 and formed a local chapter of ULC [hereinafter referred to as the "local chapter"]. The Board of Directors of the local chapter consisted of petitioner, her friend Sandra Anderson and Sandra's son, David Ely. Petitioner served as Treasurer, and Anderson and Ely held the offices of Chairman and Secretary. Anderson and petitioner served as pastor and assistant pastor, respectively. The local chapter had between eight and twelve members and held meetings twice a week. The Board of Directors met once a month. All meetings took place at 2427 West Lake, Phoenix, Arizona, a residence owned jointly by petitioner and Anderson. Both before and after formation of the local chapter, May, 1981, petitioner, Anderson, and Anderson's three children, including David, resided at the West Lake address. In June, 1981, petitioner opened a checking account at the Valley National Bank of Phoenix, Arizona, in the name of Universal Life Church, Inc., Charter No. 45742. The authorized signatories on this account were the officers (petitioner, *354 Anderson and Ely) and any employee of the church (of which there were none). [2] Petitioner and Anderson made regular deposits to this account. [3] Expenditures were made from this checking account to pay petitioner's liabilities for utilities, water, mortgage, personal clothing, auto insurance, homeowners insurance, telephone and local taxes. Petitioner originally claimed that her contributions were made to ULC. However, at trial she admitted that none of these amounts were *355 actually sent to ULC. [4] Petitioner now claims, however, that amounts deposited to the local chapter's bank account qualify as deductible charitable contributions to that organization. Respondent contends that the amounts were paid to an organization which does not meet the requirements of section 170(c) and, therefore, petitioner's funds deposited to the local chapter's bank account are not deductible. OPINION Section 170(c) allows a deduction for-- * * * a contribution or gift to or for the use of-- * * * (2) A corporation, trust, or community chest, fund or foundation- (A) * * * (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * * The burden of proving entitlement *356 to a deduction is on petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Thus, petitioner must show that all requirements of section 170 have been satisfied in order to obtain a deduction for the funds she transferred to the local chapter. Considering the record as a whole and for the reasons stated herein, we conclude that petitioner has failed to carry this burden. First, section 170(a) requires that a contribution actually be made. The term "charitable contribution" (as it is used in section 170) is largely synonymous with the term "gift." Seed v. Commissioner,57 T.C. 265, 275 (1971); DeJong v. Commissioner,36 T.C. 896, 899 (1961), affd. 309 F.2d 373, 376-379 (9th Cir. 1962). It is well established that where taxpayers retain dominion and control over funds transferred to a charitable organization, no gift has been made. See e.g. Davis v. Commissioner,81 T.C. 806, 817 (1983), on appeal (9th Cir., June 25, 1984); Beauvais v. Commissioner,T.C. Memo. 1985-204, and cases cited therein. Accordingly, petitioner's retained control of the funds deposited to the local *357 chapter's bank account precludes a finding that she actually made a gift to that organization. See Davis v. Commissioner,supra at 817. Further, since petitioner failed to introduce any acceptable evidence of the amount of her funds deposited to the local chapter's bank account, her claim must fail for want of substantiation. Sections 1.170A-1(a)(2)(i) and (iii), Income Tax Regs. Finally, petitioner failed to show that these funds did not inure to her benefit. Section 170(c)(2)(C). Payments were made for petitioner's mortgage, utilities and other personal expenses out of the local chapter's bank account. The plain fact of the matter is that petitioner did nothing more than transfer money to a bank account, which in turn was used to pay her personal expenses. We think it is clear that the net earnings of charter no. 45742 inured to petitioner's benefit. Davis v. Commissioner,supra at 818; Miedaner v. Commissioner,81 T.C. 272 (1983); Stephenson v. Commissioner,79 T.C. 995, 1002-1003 (1982), affd. 748 F.2d 331 (6th Cir. 1984); McGahen v. Commissioner,76 T.C. 468, 482-483 (1981), *358 affd. without published opinion, 720 F.2d 664 (3d Cir. 1983). Therefore we sustain respondent's determination. Respondent also determined that petitioner was liable for additions to tax under section 6653(a)(1) and section 6653(a)(2) for negligence or intentional disregard of the rules and regulations. Petitioner bears the burden of proof on this issue. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Enoch v. Commissioner,57 T.C. 781, 802-803 (1972). Despite her protestations to the contrary, we do not believe that petitioner, who worked in a law office, reasonably believed that she was entitled to a charitable deduction for amounts which never left her effective possession and control. Nor did she present any objective facts to show that she used any care in ascertaining the legality of her position. Consequently, we find that she has not overcome respondent's presumption of correctness. McGahen v. Commissioner,supra.Accordingly, we sustain respondents determination as to these additions to tax. [5]
*359 Finally, on our own motion, we consider whether damages should be awarded to the United States under section 6673, for instituting a proceeding before this Court primarily for delay. Section 6673 provides for damages to be awarded to the United States in an amount not in excess of $5,000 whenever it appears that a taxpayer has filed or maintained a petition primarily for delay or where the taxpayer's position is groundless or frivolous. As we have recently stated, this Court has been faced with numerous cases, such as this one, concerning attempts by taxpayers to use the "pretext of a church to avoid paying their fair share of taxes * * * [and to] resort to the Courts in a shameless attempt to vindicate themselves." Miedaner v. Commissioner,81 T.C. at 282. Thus, petitioner has abused the process of this Court and wasted its resources. See Abrams v. Commissioner,82 T.C. 403 (1984); Uhrig v. Commissioner,T.C. Memo. 1985-206; Green v. Commissioner,T.C. Memo. 1985-200; Wellman v. Commissioner,T.C. Memo. 1985-97 and cases cited therein. Accordingly, we award damages to the United *360 States under section 6673 of $400. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All references to "Rules" are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. A resolution passed by the Board of Directors also listed the name of Kirby Hensley, the President of ULC. However, it is clear that Hensley was neither an officer or employee of petitioner's church. ↩
3. Petitioner submitted receipts signed by David Ely in an attempt to prove the amount of the monies she transferred to the local chapter. However, petitioner did not call David Ely as a witness. These receipts were not admitted into evidence because they constitute inadmissible hearsay insofar as they purport to show the truth of the contents therein. See Davis v. Commissioner,81 T.C. 806, 814 (1983); see also, Mustain v. Commissioner,T.C. Memo. 1982-670↩.
4. Moreover, petitioner is aware that the ULC exemption is not a group exemption and does not contend that ULC's charitable exemption under section 501(c)(3) applies to the local chapter. See Davis v. Commissioner,supra↩ at 815. On August 28, 1984, respondent revoked the exempt status of ULC.
5. This court has repeatedly sustained these additions to tax in cases involving charitable contributions to a "church" that, as here, simply represented use of funds for personal and family expenses. Davis v. Commissioner,supra;Chumley v. Commissioner,T.C. Memo. 1982-473; Hall v. Commissioner,T.C. Memo. 1982-337↩.