UNIVERSAL LIFE CHURCH,
INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 583–84T.

United States Claims Court.

March 7, 1986.

As Amended March 17, 1986.

Peter A. Stromer, Los Gatos, Cal., for plaintiff.

David Gustafson, Washington, D.C., with whom was Acting Asst. Atty. Gen. Roger M. Olsen, for defendant; Mildred L. Seidman and Gerald B. Leedom, of counsel.

## OPINION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

PHILIP R. MILLER, Judge:

This is a suit for a declaratory judgment that plaintiff is entitled to exemption from federal income tax pursuant to § 501(c) of the Internal Revenue Code of 1954 (the Code or I.R.C.), as a corporation organized and operated exclusively for religious purposes, no part of the net earnings of which inures to the benefit of any private individual. Jurisdiction of such a suit is conferred on this court by I.R.C. § 7428 and 28 U.S.C. § 1507.

### I.

Plaintiff alleges that it is a California non-profit religious corporation duly organized as such under California law. Pursuant to plaintiff's request, on April 13, 1976, the Internal Revenue Service (I.R.S.) issued a ruling letter to plaintiff recognizing it as exempt under § 501(c)(3). The ruling letter

stated that such recognition was based upon the representations of plaintiff's attorney that its operations remained the same as determined by the court in *Universal Life Church, Inc. v. United States*, 372 F.Supp. 770 (E.D.Cal.1974), which qualified plaintiff for exemption for the fiscal year ended April 30, 1969, and that, assuming no change in the applicable law, the ruling would remain in effect as long as plaintiff's organization and operation remained the same and plaintiff complied with record keeping and other requirements imposed on exempt organizations by law.

However, on August 28, 1984, the I.R.S. issued to plaintiff a new letter revoking the exempt status granted to it in the April 13, 1976, letter, effective May 1, 1977, and with respect to plaintiff's fiscal years ended April 30, 1978 through 1981. The letter stated:

This adverse determination is based on the following grounds:

1. Your net earnings have inured to the benefit of private individuals;

2. The activities of your organization and your affiliated organizations have been conducted in a manner to privately benefit Kirby Hensley, the members of his family and other Universal Life Church, Inc. members;

3. Your organization has not been operated exclusively for the purposes set forth in I.R.C. Section 501(c)(3);

4. The activities of your organization and your affiliated organizations have furthered the substantial nonexempt purpose of providing advice to individuals on the purported tax benefits available to ministers of the Universal Life Church under the Internal Revenue Code; and

5. Your organization has not been operated exclusively for exempt purposes because the financial, tax and legal advice provided by you and your affiliated organizations to members and member organizations furthers the private interest of these individuals and organizations.

## II.

Plaintiff's motion for summary judgment is based on the argument that plaintiff's right to exemption is established by the decision in *Universal Life Church, Inc. v. United States*, 372 F.Supp. 770 (E.D.Cal. 1974) and the government is collaterally estopped from relitigating the issue.

The law as to the application of collateral estoppel to tax cases involving the effect of decisions with respect to different taxable years is set out in *Commissioner v. Sunnen*, 333 U.S. 591, 598–600, 68 S.Ct. 715, 719–721, 92 L.Ed. 898 (1948), as follows:

[I]f a claim of liability or nonliability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit. * *

[C]ollateral estoppel is a doctrine capable of being applied so as to avoid an undue disparity in the impact of income tax liability. A taxpayer may secure a judicial determination of a particular tax matter, a matter which may recur without substantial variation for some years thereafter. But a subsequent modification of the significant facts or a change or development in the controlling legal principles may make that determination obsolete or erroneous, at least for future purposes. If such a determination is then perpetuated each succeeding year as to the taxpayer involved in the original litigation, he is accorded a tax treatment different from that given to other taxpayers of the same class. As a result, there are inequalities in the administration of the revenue laws, discriminatory distinctions in tax liability, and a fertile basis for litigious confusion. * * * Such consequences, however, are neither necessitated nor justified by the principle

of collateral estoppel. That principle is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally. It is not meant to create vested rights in decisions that have become obsolete or erroneous with time, thereby causing inequities among taxpayers.

And so where two cases involve income taxes in different taxable years, collateral estoppel must be used with its limitations carefully in mind so as to avoid injustice. It must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged. * * * If the legal matters determined in the earlier case differ from those raised in the second case, collateral estoppel has no bearing on the situation. * * * And where the situation is vitally altered between the time of the first judgment and the second, the prior determination is not conclusive.

I.R.C. § 501(c)(3) provides that a corporation "organized and operated exclusively for religious * * * purposes, * * * no part of the net earnings of which inures to the benefit of any individual" qualifies for the exemption from federal taxation provided by § 501(a). *Universal Life Church, Inc. v. United States,* 372 F.Supp. 770 (E.D.Cal. 1974), involved a suit for refund of plaintiff's income taxes paid for its fiscal year ended April 30, 1969. In granting judgment to plaintiff for the refund, the court stated that the government admitted that plaintiff was *organized* exclusively for religious purposes, and—

the defendant's only opposition to plaintiff's claim consists of two conclusions:

(1) That the issuance of Honorary Doctor of Divinity certificates by plaintiff is in opposition to public policy as expressed in the California Education Code; and

(2) That the ordination of ministers, the granting of church charters, and the issuance of Honorary Doctor of Divinity certificates by plaintiff are substantial activities which do not further any religious purpose.

The district court then found that plaintiff's issuance of honorary doctor of divinity certificates was not in opposition to California public policy and that the issuance of such certificates and the granting of church charters were not substantial activities which did not further any religious purpose.

■ It is evident that the grounds asserted by the I.R.S. in 1984 for revoking plaintiff's exemption ruling from and after May 1, 1977 go far beyond the grounds relied on by the government for contesting the disallowance of plaintiff's exemption for 1969 and rejected by the district court in 1974. This is also confirmed by the pleadings herein. If the government could be estopped from revoking plaintiff's exemption regardless of the nature of plaintiff's operations subsequent to the prior decision, it would mean that in its actual operations thereafter plaintiff could disregard the statutory requirements at will and thumb its nose at the I.R.S. Certainly the principle of collateral estoppel was not designed to allow any such discriminatory privilege unavailable to other taxpayers. As the Supreme Court pointed out in *Sunnen,* that principle must be confined to preventing repetitious lawsuits over matters which have once been decided "which have remained substantially static, factually and legally" and "where the matter raised in the second suit is identical in all respects with that decided in the first proceeding."

Indeed in *Universal Life Church, Inc. v. United States,* 76–2 U.S.T.C. ¶ 9548 at 84,-744, n. 3 (E.D.Cal.1976), the same district court stated that "the Service is not precluded from reexamining plaintiff's operations at some later date to determine whether plaintiff continues to qualify for recognition under Code § 501(c)(3)." And plaintiff concedes as much when it states in its reply brief, "The church does not contend that the I.R.S. is precluded from ever

again re-examining plaintiff's operations at some later date."

Accordingly, plaintiff's motion for summary judgment must be denied.

### III.

Although the government has not abandoned any of the five grounds asserted by the I.R.S. in its August 28, 1984, letter ruling revoking the prior exemption letter, defendant's motion for summary judgment is confined solely to ground 1, i.e., that part of plaintiff's net earnings have inured to the benefit of private individuals. Defendant's theory is this: (1) Plaintiff has always contended in the administrative proceedings before the I.R.S. that the church and its satellite congregations are a single entity, and that, accordingly, the congregations are entitled to the benefits of plaintiff's exemption, and donors are entitled to deductions for charitable contributions to the

congregations as though they had made them directly to plaintiff.[1] (2) Forty-two court decisions[2] with respect to the years at issue have now held that donors seeking deductions for such contributions were not entitled to them because the contributed funds inured to the benefit of private individuals rather than exclusively to charities. Thus, defendant concludes, (3) that if, as plaintiff represents, plaintiff and its satellite congregations are a single entity and the congregations' funds are plaintiff's funds, plaintiff's funds inured to private individuals, and plaintiff is collaterally estopped by the 42 court decisions from contending otherwise. (4) Even if plaintiff is not collaterally estopped, summary judgment should in any event be granted in favor of defendant, because plaintiff has failed to file counteraffidavits in opposition to the courts' findings in the 42 cases, as required by RUSCC 56(f).

1. Sec. 170. *Charitable, etc., Contributions and Gifts.*
(a) *Allowance of Deduction.*—
[1] *General rule.* There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. * * *
* * * * * *
(c) *Charitable Contribution Defined.*—For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of—
(2) A corporation * * *
* * * * * *
(B) organized and operated exclusively for religious * * * purposes * * *;
(C) no part of the net earnings of which inures to the benefit of any * * * individual;

2. *Urban v. United States,* 54 A.F.T.R. 2d 84–6348, 84–2 USTC (CCH) ¶ 9831 (C.D. Cal.1984), *aff'd,* 774 F.2d 1176 (9th Cir.1985); *Davis v. Commissioner,* 81 T.C. 806 (1983), *aff'd,* 767 F.2d 931 (9th Cir.1985); *Gookin v. Commissioner,* 50 T.C.M. (CCH) 1163 (1985); *Botwinick v. Commissioner,* 50 T.C.M. (CCH) 1161 (1985); *Woo v. Commissioner,* 50 T.C.M. (CCH) 1115 (1985); *Elliott v. Commissioner,* 50 T.C.M. (CCH) 1111 (1985); *Pryor v. Commissioner,* 50 T.C.M. (CCH) 1093 (1985); *Weaver v. Commissioner,* 50 T.C.M. (CCH) 1020 (1985); *Sensing v. Commissioner,* 50 T.C.M. (CCH) 973 (1985); *Cox v. Commissioner,* 50 T.C.M. (CCH) 971 (1985); *Marinovich v. Commissioner,* 50 T.C.M. (CCH) 839 (1985); *Layden v. Commissioner,* 50 T.C.M. (CCH) 527 (1985); *Taylor v. Commissioner,* 50 T.C.M.

(CCH) 313 (1985); *Morgan v. Commissioner,* 50 T.C.M. (CCH) 114 (1985); *Beauvais v. Commissioner,* 49 T.C.M. (CCH) 1346 (1985); *Howard v. Commissioner,* 49 T.C.M. (CCH) 1344 (1985); *Green v. Commissioner,* 49 T.C.M. (CCH) 1320 (1985); *Estate of Sweeney v. Commissioner,* 49 T.C.M. (CCH) 1249 (1985); *Williamson v. Commissioner,* 49 T.C.M. (CCH) 928 (1985); *Smith v. Commissioner,* 49 T.C.M. (CCH) 353 (1984); *Abercrombie v. Commissioner,* 49 T.C.M. (CCH) 347 (1984); *Shade v. Commissioner,* 49 T.C.M. (CCH) 212 (1984); *Pauli v. Commissioner,* 49 T.C.M. (CCH) 42 (1984); *Gaster v. Commissioner,* 49 T.C.M. (CCH) 38 (1984); *Lee v. Commissioner,* 48 T.C.M. (CCH) 1454 (1984); *Moriarty v. Commissioner,* 48 T.C.M. (CCH) 1345 (1984); *Rose v. Commissioner,* 48 T.C.M. (CCH) 1331 (1984); *Martinez v. Commissioner,* 48 T.C.M. (CCH) 1271 (1984); *Bradfield v. Commissioner,* 48 T.C.M. (CCH) 1071 (1984); *Kent v. Commissioner,* 48 T.C.M. (CCH) 952 (1984); *Hoskinson v. Commissioner,* 48 T.C.M. (CCH) 678 (1984); *Hodges v. Commissioner,* 48 T.C.M. (CCH) 617 (1984); *Kalgaard v. Commissioner,* 48 T.C.M. (CCH) 206 (1984); *Odd v. Commissioner,* 47 T.C.M. (CCH) 1483 (1984); *Leslie v. Commissioner,* 47 T.C.M. (CCH) 1039 (1984); *Hawbaker v. Commissioner,* 47 T.C.M. (CCH) 231 (1983); *Mendenhall v. Commissioner,* 46 T.C.M. (CCH) 1120 (1983); *Murphy v. Commissioner,* 45 T.C.M. (CCH) 621 (1983); *Mustain v. Commissioner,* 45 T.C.M. (CCH) 153 (1982); *Harcourt v. Commissioner,* 44 T.C.M. (CCH) 1506 (1982); *Neil v. Commissioner,* 44 T.C.M. (CCH) 1237 (1982); and *Solander v. Commissioner,* 43 T.C.M. (CCH) 934 (1982).

The findings in the 42 cases are admissible pursuant to Rule 803(8) of the Federal Rules of Evidence. However, there are substantial defects in defendant's reasoning. The most glaring is its reliance on only the findings favorable to its theory and its rejection of those incompatible with it. In substantially all of the 42 cases the government contended and the court found that a donor to one of plaintiff's satellite congregations was not entitled to a deduction on the basis of the I.R.S.' 1976 letter ruling that plaintiff was an exempt charitable organization, because the church and the congregation were not merely parts of the same entity but required independent exemptions. Furthermore, in substantially all of the cases the court found that if the donor actually made a contribution he made it to the congregation and not to plaintiff. Thus, either the congregation's funds inured to the donor because he could and did withdraw them for his personal use, or, alternatively, the donor, being entitled to withdraw the funds at will, still retained dominion and control over them and had made no completed gift. It is evident if the entire findings are considered they do not support defendant's theory that *plaintiff's* net earnings inured to the individuals.

Second, defendant has failed to show that plaintiff's interests were sufficiently identical with those of the taxpayers seeking deductions in the 42 cases and that plaintiff was either a party to any of the 42 cases, controlled the litigation or participated in them so extensively as to warrant the conclusion that plaintiff has already had a fair chance to defend its exemption and should be estopped from litigating the question anew. Even if collateral estoppel could apply, the extent of plaintiff's role in the prior litigation is a question of fact not conclusively established by the record herein nor even supported sufficiently by defendant as to require a counteraffidavit from plaintiff.

It may be that on the record before the court other grounds for denial of plaintiff's exemption may be proper. *See Ecclesiastical Order of Ism of Am v. Commissioner,* 80 T.C. 833 (1983), *aff'd,* 740 F.2d 967 (6th Cir.1984). But in its brief defendant has not relied on any other ground, and plaintiff has not had any opportunity to respond thereto. Accordingly, defendant's motion for summary judgment must be denied.

### Conclusion

Plaintiff's motion and defendant's cross-motion for summary judgment are both denied.