Donald James KALGAARD,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 84–7659.

United States Court of Appeals,
Ninth Circuit.

July 2, 1985.

Submitted May 15, 1985.*

As Amended July 31, 1985.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a) and Ninth Circuit Rule 3(f).

Peter R. Stromer, Los Gatos, Cal., for petitioner-appellant.

Ann Belanger Durney, Douglas G. Coulter, Glenn L. Archer, Jr., Michael Paup, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before ANDERSON and CANBY, Circuit Judges, and NIELSEN, District Judge**.

**J. BLAINE ANDERSON, Circuit Judge:**

Donald James Kalgaard appeals the order of the United States Tax Court disallowing his claimed contributions to a chartered congregation of the Universal Life Church. On appeal, the plaintiff raises four issues: 1) whether the decision of the Tax Commissioner to disallow the plaintiff's claimed contributions was proper; 2) whether the church records allegedly establishing plaintiff's contributions to the church should have been admitted into evidence; 3) whether the Tax Court decided constitutional issues not in its jurisdiction; and 4) whether the Tax Court improperly imposed additions to the plaintiff's tax deficiencies as allowed by 26 U.S.C. § 6653(a).

In response, the Commissioner of Internal Revenue asserts that the claims made by the plaintiff are without merit and are raised in intentional disregard of applicable rules. The Commissioner therefore seeks the imposition of sanctions against the plaintiff and his attorney.

We affirm the Tax Court's decision and impose double costs and $1,000.00 attorneys' fees, plaintiff and his counsel being jointly and severally liable.

**I. DISALLOWANCE OF TAX DEDUCTIONS**

■ The findings of the Tax Court disallowing claimed deductions by a taxpayer will be upheld unless such findings are clearly erroneous. *Commissioner v. Duberstein*, 363 U.S. 278, 290, 80 S.Ct. 1190, 1199, 4 L.Ed.2d 1218 (1960). A decision by the Commissioner disallowing deductions "has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong." *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933). Taxpayers may deduct charitable contributions made "to or for the use of" an organization operated "exclusively for religious, charitable," or similar purposes. 26 U.S.C. § 170(c)(2)(B). "The courts have repeatedly held that exemptions for parent churches do not automatically carry over to local congregations." *Hall v. Commissioner of Internal Revenue*, 729 F.2d 632, 634 (9th Cir.1984) (citations omitted).

■ In this instance, because the plaintiff has failed to prove that the local congregations he contributed to were organized and operated exclusively for religious purposes, the plaintiff has not overcome the "presumption of correctness" in favor of the Commissioner. The plaintiff has also failed to show that his contributions to the local chapter of the Universal Life Church did not inure to his own benefit. *See Hall*, 729 F.2d at 634.

We find that the Commissioner's decision to disallow the plaintiff's claimed contributions is not clearly erroneous.

**II. EXCLUSION OF EVIDENCE**

■ The Tax Court's decision to exclude evidence is reviewed for an abuse of discretion. *United States v. Kearney*, 560 F.2d 1358, 1369 (9th Cir.), *cert. denied*, 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977). "The contents of ... records ... may be presented in the form of a ... summary.... The originals ... shall be made available for examination.... The court may order that they be produced in evidence." Federal Rules of Evidence 1006.

** The Honorable Leland C. Nielsen, United States District Judge, Southern District of California, sitting by designation.

Without the source documents being made available to the Tax Court, reliability of the summaries presented by the plaintiff to the court was not capable of verification. Exclusion of the plaintiff's summaries as hearsay evidence was proper and was not an abuse of discretion.

### III. CONSTITUTIONAL ISSUES IN THE TAX COURT

"Courts routinely permit cursory questioning in the Tax Court to determine whether an organization is entitled to a religious exemption." *Hall,* 729 F.2d at 635 (citation omitted). This allows the court to determine whether the organization meets the objective criteria for tax-exempt status pursuant to Internal Revenue Code § 170. *Id.* The entitlement to a tax exemption claimed by Kalgaard in this case raises "no real questions regarding 'religion' as referred to in the First Amendment ...." *United States v. Dykema,* 666 F.2d 1096, 1100 (7th Cir.1981), *cert. denied,* 456 U.S. 983, 102 S.Ct. 2257, 72 L.Ed.2d 861 (1982).

The plaintiff's claim that the Tax Court impermissibly decided a constitutional issue is without merit.

### IV. ADDITIONS TO TAX

Appellate review of the findings of the Tax Court will not be overturned unless they are clearly erroneous. *Commissioner v. Duberstein,* 363 U.S. 278, 291, 80 S.Ct. 1190, 1199, 4 L.Ed.2d 1218 (1960). If any part of underpayments of taxes due is a result of "negligence or intentional disregard of rules and regulations" of the Internal Revenue Service, then "there shall be added to the tax an amount equal to 5 percent of the underpayment." I.R.C. § 6653.

The Tax Court did not err in assessing the 5 percent addition to plaintiff's taxes. Plaintiff failed to sustain his burden of showing that his underpayment of tax was not due to negligence or intentional disregard of the revenue laws. The additions are affirmed.

### V. IMPOSITION OF SANCTIONS

The court of appeals may assess damages against a plaintiff and his or her attorney for filing a frivolous appeal, for delay, or for vexatious litigation. *See* 26 U.S.C. § 7482(c)(4); 28 U.S.C. § 1927; Fed. R.App.P. 38.

The attorney representing the plaintiff in this case also represented the plaintiffs in *Hall v. Commissioner of Internal Revenue,* 729 F.2d 632 (9th Cir.1984). He was on notice of the law governing this case and the lack of merit in this appeal.

### VI. CONCLUSION

We affirm the holdings of the Tax Court. We also impose double costs and award to the Commissioner $1,000.00 in attorneys' fees, plaintiff and his counsel being jointly and severally liable.

AFFIRMED.