HERBERT L. COX and JOHANNA COX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cox v. Commissioner
Docket No. 16027-83.
United States Tax Court
T.C. Memo 1985-464; 1985 Tax Ct. Memo LEXIS 166; 50 T.C.M. (CCH) 971; T.C.M. (RIA) 85464; September 4, 1985. Peter R. Stromer, for the petitioners. Ross W. Paulson, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies of $4,362 and $4,824 in petitioners' Federal *167 income taxes for 1980 and 1981, respectively, and additions to tax under section 6653(a) [1] in the amounts of $218.10 and $241.20 for those years, respectively. In the Amended Answer respondent also determined that there is an addition to tax under section 6653(a)(2) for the taxable year 1981 in the amount of 50 percent of the interest due on $4,824. The deficiencies and additions to tax resulted from disallowance of claimed contributions to the Universal Life Church. Respondent also seeks damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation is incorporated herein by this reference. Petitioners were residents of San Dimas, California, at the time they filed their petition herein. They filed joint individual income tax returns for the years 1980 and 1981. During the years in issue, petitioner Herbert Cox was employed on a full-time basis at Miller Brewing Company as a maintenance engineer. In or about March 1980, petitioners obtained charter number 34876 from the Universal *168 Life Church, Inc., of Modesto, California (ULC Modesto). They opened and, through the years in issue, continued to maintain a bank account in the name of "Universal Life Church of St. Michael Chapter #34876." Petitioners were the sole signatories on the said bank account. From that account, they drew checks in payment of their rent, utilities, medical expenses, union dues, van payments, and other personal expenditures. On their tax returns for 1980 and 1981, petitioners claimed deductions for contributions to the Universal Life Church in the amount of $15,663 and $16,200, respectively. Respondent disallowed the deductions and determined the additions to tax for negligence based thereon. OPINION Petitioners contend that they held church services at their home and provided shoes and various social events for church members and that, therefore, they are entitled to deduct payments relating to those activities as charitable contributions. They argue that they claimed the deductions on their returns in good faith, in reliance on an inquiry by their tax return preparer to the Internal Revenue Service, and that it is unconstitutional to impose damages under section 6673 for what is *169 essentially exercise of their right to petition the Government. We are not here concerned with any attempt to interfere with petitioners' rights under the First Amendment of the Constitution to free exercise of religion. The question is whether petitioners may receive tax deductions for their maintenance of certain activities. Deductions are a matter of legislative grace, and the taxpayers must satisfy the specific statutory requirements of the deductions that they claim. Deputy v. du Pont,308 U.S. 488 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Petitioners bear the burden of proving their entitlement to those deductions. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
To secure a deduction for a charitable contribution under section 170(a), (b)(1), and (c), petitioners must establish that they have made an unconditional gift to a qualified entity. See DeJong v. Commissioner,309 F.2d 373, 376-379 (9th Cir. 1962), affg. 36 T.C. 896 (1961). Qualified entities under section 170 are essentially those organizations that qualify *170 for an exemption from tax under section 501(c)(3). Although the ULC Modesto was at one time held to be a qualified entity, [2] that status has not been extended to local chapters such as the one operated by petitioners. Petitioners have not shown that this case is any different from the numerous other cases involving local chapters of the Universal Life Church, in which taxpayers failed to prove that the deductions claimed by them were qualified charitable contributions. Their retained control over the funds allegedly contributed and the inurement of the use of those funds to their personal benefit preclude deductibility. See, e.g., Davis v. Commissioner,81 T.C. 806, 815-819 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). During trial and in their brief, petitioners claimed that respondent and the Court should have accepted as evidence of their contributions purported receipts from the ULC Modesto. *171 The purported receipts were excluded as unreliable hearsay for several reasons, including that they were contradicted by bank records showing petitioners' retained control over and personal use of the funds in question. Petitioners presented testimony of Robert Imbeau in an attempt to comply with the business records exception of Rule 803(6), Federal Rules of Evidence; but that testimony merely supports the conclusion that the purported receipts did not reflect any payments actually made to the ULC Modesto. Such receipts are not admissible. See Hall v. Commissioner,729 F.2d 632, 634-635 (9th Cir. 1984), affg. a Memorandum Opinion of this Court; Kalgaard v. Commissioner,764 F.2d 1322 (9th Cir. 1985), affg. a Memorandum Opinion of this Court; Davis v. Commissioner,supra at 814-815. Petitioners' retained control over the funds in question also negates any claim of good faith belief that they were entitled to the deductions claimed and justifies the additions to tax for negligence. Hall v. Commissioner,supra;Kalgaard v. Commissioner,supra; *172 Larsen v. Commissioner,765 F.2d 939 (9th Cir. 1985), affg. a Memorandum Opinion of this Court; Davis v. Commissioner,supra.
In Larsen v. Commissioner,supra, the Court of Appeals considered the arguments made by petitioners herein through the same counsel of record. The court characterized as frivolous such arguments and sustained our award of damages under section 6673. See also Connor v. Commissioner,     F.2d     (2d Cir., Aug. 6, 1985, 85-2 USTC par. 9598, 56 AFTR2d    ). Petitioners were warned at trial of the likelihood of damages if they persisted in maintaining this proceeding notwithstanding numerous prior adverse decisions. Although the decisions of the Court of Appeals in Kalgaard,Larsen, and Davis, were issued subsequent to trial of this case, petitioners still have not conceded. Damages are therefore appropriate, and they will be awarded to the United States in the amount of $4,000. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. The Internal Revenue Service has announced that it will no longer recognize the tax-exempt status of the Universal Life Church, Modesto, California. Announcement 84-90, 1984-36 I.R.B. 32↩ (September 4, 1984).