RANDY K. SENSING and CAROL SENSING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sensing v. Commissioner
Docket No. 29678-83.
United States Tax Court
T.C. Memo 1985-465; 1985 Tax Ct. Memo LEXIS 167; 50 T.C.M. (CCH) 973; T.C.M. (RIA) 85465; September 4, 1985. Peter R. Stromer, for the petitioners. Elaine T. Fuller, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies and additions to tax as follows: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1980
$6,277.45
$313.87
1981
8,436.00
421.80
*168 In the Answer respondent also determined that there is an addition to tax under section 6653(a)(2) for the taxable year 1981 in the amount of 50 percent of the interest due on $8,436. The deficiencies and additions to tax resulted from disallowance of claimed deductions to the Universal Life Church. [2] Respondent also seeks damages under section 6673. FINDINGS OF FACT Petitioners were residents of Palmdale, California, at the time they filed their petition herein. They filed joint individual income tax returns for 1980 and 1981. During 1980, petitioner Randy Sensing received a charter from the Universal Life Church, Inc., of Modesto, California (ULC Modesto), charter number 38189. Thereafter petitioners *169 opened a bank account at Security Pacific National Bank, over which they had signatory authority and control. Petitioners withdrew funds from the bank account to pay for personal expenses, including rent and utility bills. On their tax returns for 1980 and 1981, petitioners claimed charitable contributions of $32,065 and $24,176, respectively, for funds deposited into the Security Pacific National Bank account maintained by them. Respondent disallowed the deductions and determined the additions to tax for negligence based thereon. OPINION Petitioners contend that they held religious services at their home and that, therefore, they are entitled to deduct the costs of maintaining their home and related expenses as charitable contributions. They argue that they claimed the deductions in issue in good faith, in reliance on their tax return preparer and an Internal Revenue Service publication, and that it is unconstitutional to impose damages under section 6673 for what is essentially exercise of their right to petition the Government. We are not here concerned with any attempt to interfere with petitioners' rights under the First Amendment of the Constitution to free exercise *170 of religion. The question is whether petitioners may receive tax deductions for their maintenance of certain activities. Deductions are a matter of legislative grace, and the taxpayers must satisfy the specific statutory requirements of the deductions that they claim. Deputy v. du Pont,308 U.S. 488 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Petitioners bear the burden of proving their entitlement to those deductions. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
To secure a deduction for a charitable contribution under section 170(a), (b)(1), and (c), petitioners must establish that they have made an unconditional gift to a qualified entity. See DeJong v. Commissioner,309 F.2d 373, 376-379 (9th Cir. 1962), affg. 36 T.C. 896 (1961). Qualified entities under section 170 are essentially those organizations that qualify for an exemption from tax under section 501(c)(3). Although the ULC Modesto was at one time held to be a qualified entity, [3] that status has not been extended to local chapters such as the one operated by petitioners. *171 Petitioners have not shown that this case is any different from the numerous other cases involving local chapters of the Universal Life Church, in which taxpayers failed to prove that the deductions claimed by them were qualified charitable contributions. Their retained control over the funds allegedly contributed and the inurement of the use of those funds to their personal benefit preclude deductibility. See, e.g., Davis v. Commissioner,81 T.C. 806, 815-819 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). During trial and in their brief, petitioners claimed that respondent and the Court should have accepted as evidence of their contributions purported receipts from the ULC Modesto. The purported receipts were excluded as unreliable hearsay for several reasons, including that they were contradicted by bank records showing petitioners' retained control over and personal use of the funds in question. *172 Petitioners presented testimony of Robert Imbeau in an attempt to comply with the business records exception of Rule 803(6), Federal Rules of Evidence; but that testimony merely supports the conclusion that the purported receipts did not reflect any payments actually made to the ULCModesto. Such receipts are not admissible. See Hall v. Commissioner,729 F.2d 632, 634-635 (9th Cir. 1984), affg. a Memorandum Opinion of this Court; Kalgaard v. Commissioner,764 F.2d 1322 (9th Cir. 1985), affg. a Memorandum Opinion of this Court; Davis v. Commissioner,supra at 814-815. Petitioners' retained control over the funds also negates any claim of good faith belief that they were entitled to the deductions claimed and justifies the additions to tax for negligence. Hall v. Commissioner,supra;Kalgaard v. Commissioner,supra;Larsen v. Commissioner,765 F.2d 939 (9th Cir. 1985) affg. a Memorandum Opinion of this Court; Davis v. Commissioner,supra.
In Larsen v. Commissioner,supra, the Court of Appeals *173 considered the arguments made by petitioners herein through the same counsel of record. The court characterized as frivolous such arguments and sustained our award of damages under section 6673. See also Connor v. Commissioner,     F.2d     (2d Cir., Aug. 6, 1985, 85-2 USTC par. 9598, 56 AFTR2d    ). Petitioners were warned at trial of the likelihood of damages if they persisted in maintaining this proceeding notwithstanding numerous prior adverse decisions. Although the decisions of the Court of Appeals in Kalgaard,Larsen, and Davis, were issued subsequent to trial of this case, petitioners still have not conceded. Damages are therefore appropriate, and they will be awarded to the United States in the amount of $4,000. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
2. This case came before the Court on respondent's Motion for Sanctions for failure of petitioners to produce records pursuant to a Court order. At the time set for hearing on that motion, petitioners produced certain of the records, and both parties agreed to waive notice of trial and proceed with trial of the case.↩
3. The Internal Revenue Service has announced that it will no longer recognize the tax-exempt status of the Universal Life Church, Modesto, California. Announcement 84-90, 1984-36 I.R.B. 32↩ (September 4, 1984).