NANCY N.C.Y. WOO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOSEPH S.H. WOO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Woo v. Commissioner
Docket Nos. 5951-84, 6536-84.
United States Tax Court
T.C. Memo 1985-494; 1985 Tax Ct. Memo LEXIS 133; 50 T.C.M. (CCH) 1115; T.C.M. (RIA) 85494; September 23, 1985. Peter R. Stromer, for the petitioners. Constance L. Couts, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In timely statutory notices of deficiency, respondent determined deficiencies in petitioners' Federal income tax liabilities and additions to tax as follows: Nancy N.C.Y. Woo -
Docket No. 5951-84
Additions to Tax
Year
Deficiencies
Section 6653(a)(1) [1]
1980
$1,437
$ 71.85
1981
2,568
128.40
1982
2,948
147.00
Joseph S.H. Woo -
Docket No. 6536-84
1980
$1,546
$ 77.00
1981
2,506
125.30
*134 These cases were consolidated for trial by order of this Court on June 24, 1985. The issues concern whether petitioners may deduct charitable contributions allegedly made to a charter organization of the Universal Life Church, whether Nancy N.C.Y. Woo may claim an exemption for her nephew in 1982, whether petitioners are liable for the additions to tax set forth above, and whether damages should be awarded to the United States pursuant to section 6673. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners Nancy N.C.Y. Woo ("Nancy") and Joseph S.H. Woo ("Joseph") resided in Oakland, California, when the petitions herein were filed. Nancy timely filed her Federal income tax returns for 1980, 1981, and 1982, and claimed head of household status and exemptions for herself and two dependent children. On her *135 1982 return, Nancy claimed a fourth exemption for her nephew. Joseph timely filed his Federal income tax returns for 1980 and 1981, and claimed thereon single status. Nancy and Joseph were divorced in 1979 (apparently for tax reasons), but continued to reside together during the years in issue. Petitioners' second child was born in 1980. Petitioners purchased a home in 1980 and were deeded the property "as husband and wife." During the years in issue, Nancy was employed full time as a grocery store clerk, and Joseph was employed full time in the merchant marines. On or about August 31, 1980, petitioners obtained a charter agreement (number 38553) from the Universal Life Church, Inc., of Modesto, California (hereinafter referred to as "ULC Modesto"). Nancy, Joseph, and Nancy's sister were the sole members of the charter organization's board of directors. In 1980, petitioners opened a savings account at the Bank of America and a checking account at the Bank of the Orient in the name of "Universal Life Church, Inc." (hereinafter referred to as "the ULC"). Petitioners were the only persons authorized to withdraw funds from those bank accounts. Petitioners presented no bank statements, *136 cancelled checks, or passbooks to substantiate that funds actually were contributed by petitioners to those accounts. Petitioners concede that funds they allegedly contributed were used by them to pay their home mortgage, utility and telephone charges, food expenses, babysitting fees, travel expenses, and expenses for other personal and household needs. On their individual Federal income tax returns for 1980, 1981, and (for Nancy) 1982, petitioners reported their adjusted gross incomes and charitable contributions to the ULC in the following amounts: Nancy
Adjusted Gross
Deductions for Charitable
Year
Income
Contributions to ULC
1980
$18,148
$ 7,000
1981
23,548
11,187
1982
24,692
12,346
Joseph
1980
$22,010
$ 7,000
1981
24,736
12,175
Respondent disallowed the exemption claimed by Nancy for her nephew and the deductions claimed by petitioners for charitable contributions to the ULC. Additions to tax for negligence were determined, and respondent also advised petitioners that deductions for contributions to ULC charter organizations consistently had been disallowed by this and other courts. At trial held on June 24, 1985, respondent filed *137 a written motion for damages pursuant to section 6673. OPINION Section 170 [2] generally allows deductions for charitable contributions where a taxpayer proves (1) that the contributions actually were made, (2) that the contributions were made to a qualified tax-exempt organization, and (3) that no part of the net earnings of the qualified tax-exempt organization inured to the taxpayer's personal benefit. Kalgaard v. Commissioner,764 F.2d 1322, 1323 (9th Cir. 1985), affg. a Memorandum Opinion of this Court; [3]Hall v. Commissioner,729 F.2d 632, 634 (9th Cir. 1984), affg. a Memorandum Opinion of this Court; [4]Bell v. Commissioner, 85 T.C.     (Sept. 5, 1985). *138 Petitioners argue that they made charitable contributions to the ULC, which they consider to be a tax-exempt organization. [5] Respondent contends that petitioners never parted with control over the funds allegedly contributed; that therefore no contributions were made; that even if contributions were made, they were not made to a qualified tax-exempt organization; and that any such contributions to the ULC by petitioners inured to their personal benefit. If petitioners' position is correct, they would have donated approximately one-half of their yearly adjusted gross incomes to the ULC. Contributions in that magnitude call for a credible explanation that petitioners have failed to provide. Although petitioners presented annual receipts issued by ULC Modesto which they allege substantiate the contributions they made, those receipts carry little weight, if any. The receipts were issued solely on the basis of information supplied to ULC Modesto by petitioners themselves. Petitioners offered no reliable evidence *139 that would support a finding that they actually made contributions to a qualified tax-exempt organization and that petitioners did not personally benefit from the alleged contributions. Petitioners argue that if they are not allowed the charitable deductions Joseph should be entitled to a parsonage allowance pursuant to section 107. [6] Section 107 allows "minister[s] of the gospel" to exclude from gross income the rental value of a home or the rental allowance paid to them by a church. Petitioners herein never included any income with respect thereto in their Federal income tax returns so they have no ground for claiming an exclusion. We therefore uphold respondent's disallowance of the deductions with respect to 1980, 1981, and 1982, for charitable contributions to the ULC, and we reject petitioners' claim that Joseph is entitled to a parsonage allowance. *140 Nancy claimed an exemption in the amount of $1,000 on her 1982 Federal income tax return for her nephew, which respondent disallowed. Petitioners presented no evidence at trial on this issue and apparently concede respondent's determination with respect thereto. We therefore sustain respondent on this issue. Respondent determined that additions to tax pursuant to sections 6653(a)(1) and 6653(a)(2) were applicable because petitioners negligently failed to pay their Federal income tax liabilities for the years in issue. Respondent's determinations of negligence are presumptively correct and will be upheld unless petitioners rebut that presumption, which they have failed to do. Larsen v. Commissioner,765 F.2d 939, 941 (9th Cir. 1985), affg. an order of this Court; Hall v. Commissioner,supra at 635. We sustain respondent's determinations of additions to tax under sections 6653(a)(1) and 6653(a)(2). The final issue for decision is whether damages should be awarded the United States pursuant to section 6673. [7] Section 6673 provides for damages to be awarded to the United States in an amount up to $5,000 whenever it appears that a taxpayer *141 has filed a petition in this Court primarily for delay or where a taxpayer's position in a proceeding in this Court is frivolous or groundless. Petitioners argue that the imposition of damages under section 6673 is an unconstitutional infringement of their First Amendment rights to petition the government. The United States Court of Appeals for the Ninth Circuit, to which an appeal in this case lies, recently determined that that precise argument was in itself "frivolous" and upheld the constitutionality of section 6673. Larsen v. Commissioner,supra at 941; see also Bell v. Commissioner,supra.
Respondent and the Court *142 warned petitioners and their counsel herein that deductions for charitable contributions to various charter organizations of ULCModesto consistently had been disallowed and that damages had been awarded in many of those cases. Photocopies of those decisions were mailed to petitioners, and they were informed that respondent would seek damages herein if petitioners continued to pursue their wholly frivolous claims. Petitioners' position in these consolidated cases is entirely without merit. The maintenance of these cases in the face of overwhelming contrary authority and repeated warnings by respondent can lead only to the conclusion that these cases were maintained primarily for delay. We award damages to the United States under the authority of section 6673 in the amount of $2,500 in docket No. 5951-84, and in the amount of $2,500 in docket No. 6536-84. Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue. Respondent additionally determined an amount equal to 50 percent of the interest due on the underpayments that are upheld by this Court for 1981 and 1982 in docket No. 5951-84, and for 1981 in docket No. 6636-84. Sec. 6653(a)(2).↩
2. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction.-- * * * (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- * * * (2) A corporation, trust, or community chest, fund, or foundation-- (A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * * ↩
3. Kalgaard v. Commissioner,T.C. Memo. 1984-283↩. 4. Hall v. Commissioner,T.C. Memo. 1982-337↩.
5. We note that Internal Revenue Service revoked the tax-exempt status of ULC Modesto on September 4, 1984. Announcement 84-90, 1984-36 I.R.B. 32↩ (1984).
6. SEC. 107. RENTAL VALUE OF PARSONAGES. In the case of a minister of the gospel, gross income does not include-- (1) the rental value of a home furnished to him as part of his compensation; or (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home.↩
7. Section 6673 provides: Whenever it appears to the Tax Court proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩