MICHAEL and JANE BOTWINICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Botwinick v. Commissioner
Docket No. 6217-84.
United States Tax Court
T.C. Memo 1985-501; 1985 Tax Ct. Memo LEXIS 131; 50 T.C.M. (CCH) 1161; T.C.M. (RIA) 85501; September 24, 1985. Peter R. Stromer, for the petitioners. Lynn L. Casimir, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice of deficiency dated January 24, 1984, respondent determined a deficiency in petitioners' Federal income tax liability for 1981 in the amount of $4,498. After concessions, the remaining issues concern whether petitioners may deduct charitable contributions allegedly *132 made to a charter organization of the Universal Life Church and to other organizations, and whether damages should be awarded to the United States pursuant to section 6673. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners Michael Botwinick ("Michael") and Jane Botwinick ("Jane") were husband and wife and resided in Boonton, New Jersey, when the petition herein was filed. Petitioners timely filed their joint Federal income tax return for 1981. During 1981, Michael was employed full time as a field recruiter for an insurance company and Jane was employed full time as a computer programmer. On or about May 7, 1979, petitioners obtained a charter agreement (number 27808) from the Universal Life Church, Inc., of Modesto, California (hereinafter referred to as "ULC Modesto"). Michael, Jane, and a friend, Carmela Wagner, were the sole members of the charter organization's board of directors. Petitioners opened a checking account at the Midlantic National Bank in Parsippany, New Jersey, in the name of "Universal Life *133 Church Congregation No. 27808" (hereinafter referred to as "the ULC"). Michael, Jane, and Carmela Wagner were the sole signatories to the account. All checks written on the ULC account bore the signatures of Carmela Wagner and either Michael or Jane. Petitioners presented no bank statements or cancelled checks from their personal checking account to substantiate that funds actually were contributed to the ULC. Petitioners did submit what are purported to be receipts issued by the ULC and signed by Carmela Wagner which acknowledge contributions allegedly made by them in the total amount of $15,399. In addition, petitioners offered an annual receipt issued by ULC Modesto which purports to acknowledge a donation to the ULC by petitioners in the amount of $15,349.90 in 1981. Petitioners concede that funds they allegedly contributed were used by them to pay their monthly rent, utility and telephone charges, loan obligations on Jane's personal automobile, cable television fees, travel expenses for so-called pilgrimages to Lake Tahoe, California, to Stowe, Vermont, and to Cancun, Mexico, as well as to pay other of petitioners' personal and household needs. Petitioners submitted photocopies *134 of minutes which they allege were taken at the ULC's board of director's meetings, and which purport to authorize such expenses. On their joint Federal income tax return for 1981, petitioners reported their adjusted gross income to be $36,929 and deducted charitable contributions to the ULC in the amount of $15,400. Petitioners also claimed deductions for charitable contributions to other organizations in the amount of $75, of which respondent now concedes $6. Respondent disallowed all the deductions claimed by petitioners for charitable contributions and advised petitioners that deductions for contributions to ULC charter organizations consistently had been disallowed by this and other courts. At trial held on June 26, 1985, respondent filed a written motion for damages pursuant to section 6673. OPINION Section 170 [2] generally allows deductions for charitable contributions where a taxpayer proves (1) that the contributions actually were made, (2) that the contributions were to a qualified tax-exempt organization, and (3) that no part of the net earnings of the qualified tax-exempt organization inured to the taxpayer's personal benefit. Kalgaard v. Commissioner,764 F.2d 1322, 1323 (9th Cir. 1985), *135 affg. a Memorandum Opinion of this Court; [3]Hall v. Commissioner,729 F.2d 632, 634 (9th Cir. 1984), affg. a Memorandum Opinion of this Court; [4]Bell v. Commissioner, 85 T.C.     (Sept. 5, 1985). Petitioners argue that they made charitable contributions to the ULC, which *136 they consider to be a tax-exempt organization. [5] Respondent contends that petitioners never parted with control over the funds allegedly contributed; that therefore no contributions were made; that even if contributions were made, they were not made to a qualified tax-exempt organization; and that any such contributions to the ULC by petitioners inured to their personal benefit. If petitioners' position were correct, they would have donated nearly one-half of their yearly adjusted gross income to the ULC. Contributions in that magnitude call for a credible explanation that petitioners have failed to provide. Although petitioners presented annual receipts issued by ULC Modesto which they allege substantiate the contributions, those receipts carry little weight, if any. The receipts were issued solely on the basis of information supplied to ULC Modesto by petitioners themselves. Similarly, the individual receipts that purportedly were issued by Carmela Wagner are totally lacking in credibility. Petitioners *137 offered no reliable evidence that would support a finding that they actually made contributions to a qualified tax-exempt organization and that petitioners did not personally benefit from the alleged contributions. Petitioners argue that if they are not allowed the charitable deductions they should be entitled to a parsonage allowance pursuant to section 107. [6] Section 107 allows "minister[s] of the gospel" to exclude from gross income the rental value of a home or the rental allowance paid to them by a church. Petitioners herein never included any income with respect thereto in their Federal income tax returns, so they have no ground for claiming an exclusion. We therefore uphold respondent's disallowance of the deductions with respect to 1981 for charitable contributions to the ULC, and we reject petitioners' claim that they are entitled to a parsonage allowance. *138 With respect to the $75 deducted for charitable contributions to organizations other than the ULC, we are not convinced that petitioners actually made contributions in excess of the $6 allowed by respondent. We sustain respondent on that issue. The final issue for decision is whether damages should be awarded to the United States pursuant to section 6673. [7] Section 6673 provides for damages to be awarded to the United States in an amount up to $5,000 whenever it appears that a taxpayer has filed or maintained a petition in this Court primarily for delay or where a taxpayer's position in a proceeding in this Court is frivolous or groundless. *139 Petitioners argue that the imposition of damages under section 6673 is an unconstitutional infringement of their First Amendment rights to petition the government. The United States Court of Appeals for the Ninth Circuit Recently determined that that precise argument was in itself "frivolous" and upheld the constitutionality of section 6673. Larsen v. Commissioner,765 F.2d 939, 941 (9th Cir. 1985), affg. an order of this Court; see also Bell v. Commissioner,supra.
Respondent and the Court warned petitioners and their counsel herein that deductions for charitable contributions to various charter organizations of ULC Modesto consistently had been disallowed and that damages had been awarded in many of those cases. Photocopies of those decisions were mailed to petitioners well in advance of trial, and they were informed that respondent would seek damages herein if petitioners continued to pursue their wholly frivolous claims. Petitioners' position in this case is entirely without merit.The maintenance of this case in the face of overwhelming contrary authority and repeated warnings by respondent can lead only to the conclusion that this case was maintained *140 primarily for delay. We award damages to the United States under the authority of section 6673 in the amount of $4,000. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, as in effect during the year in issue.↩
2. SEC. 170. CHARITABLE ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction.-- * * * (c) Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- * * * (2) A corporation, trust, or community chest, fund, or foundation-- (A) Created or organized in the United States or in any possession thereof, or under the law of the United States, any State, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * * ↩
3. Kalgaard v. Commissioner,T.C. Memo. 1984-283↩. 4. Hall v. Commissioner,T.C. Memo. 1982-337↩.
5. We note that the Internal Revenue Service revoked the tax-exempt status of ULC Modesto on September 4, 1984. Announcement 84-90, 1984-36 I.R.B. 32↩ (1984).
6. SEC. 107. RENTAL VALUE OF PARSONAGES. In the case of a minister of the gospel, gross income does not include-- (1) the rental value of a home furnished to him as part of his compensation; or (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home.↩
7. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision.Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩